Ignacio ACOSTA, Virginia Bowers, Bernice Robinson, and Dovie Thurman, **individually and on behalf of all other persons similarly situated, Plaintiffs,**

v.

Harold O. SWANK, Director, Illinois Department of Public Aid, David Daniel, Director, Cook County Department of Public Aid, Defendants.

No. 69 C 2502.

United States District Court,
N. D. Illinois, E. D.

Oct. 22, 1970.

Sheldon Roodman, Stanley A. Bass, Community Legal Counsel, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen. of the State of Ill., Edward V. Hanrahan, State's Atty. of Cook County, Chicago, Ill., for defendants.

Before KILEY, Circuit Judge, and PERRY and NAPOLI, District Judges.

## ORDER

KILEY, Circuit Judge.

This cause came on to be heard upon the plaintiffs' motion to reconsider the opinion of this three-judge court filed in

the above cause on May 11, 1970. Defendants' responses included an answer and briefs together with motions to dismiss the action as moot. By leave of this court the United States Department of Health, Education and Welfare (HEW) filed a brief to which defendants filed briefs in opposition. Plaintiffs replied to defendants' responses and the HEW brief. We have considered these various pleadings.

In our opinion of May 11, 1970 we decided that the Illinois Department of Public Aid "duplicate assistance" policy did not deny plaintiffs equal protection of the law, and that plaintiffs were not entitled to the injunctive relief .they sought against future deductions by defendants from plaintiffs' welfare allowances because of prior emergency distributions of benefits to them. We found there that there was no conflict between the Illinois Department of Public Aid "duplicate assistance" policy and HEW Regulation 45 C.F.R. § 233.20(a) (3) (ii) (c), as alleged by plaintiffs. We are now informed by defendants' responses to plaintiffs' motion to reconsider: That on May 22, 1970 the Illinois Department of Public Aid in Official Bulletin No. 70.28 changed its policy with respect to "duplicate assistance" so as to conform with the aforesaid HEW regulation; that this bulletin resulted from negotiations between HEW and appropriate Illinois officials with respect to the changed policy; and that the negotiations were being conducted at the time this three-judge court was hearing the above cause and at the time the court entered its opinion on May 11, 1970.[1]

The court finds implicit in the above statements the admission that when this court's opinion was filed there was a

1. This court was not advised of these negotiations toward the change of the Illinois policy, which impliedly concedes that a conflict was in existence at the time this court's opinion was rendered. Had the court known of the negotiations, the decision on the question of conflict between HEW and Illinois regulations would have been postponed, and upon the court's learning that the negotiations had resulted in the change of Illinois policy, the question would have been mooted. While this court does not place blame for non-disclosure upon the attorney for the State of Illinois in these proceedings, the court nevertheless faults the Illinois Department of Public Aid for its failure to keep the court informed of developments which bore upon the issues before it.

conflict between the Illinois Department of Public Aid "duplicate assistance" policy and HEW regulations; and further finds that its opinion of May 11, 1970 should be and it is hereby withdrawn. The removal of the conflict removes the subject matter for any injunctive relief by virtue of alleged denial of a constitutional right, since the "duplicate assistance" policy subject of the allegations has been discontinued. Since there is no basis for injunctive relief upon the asserted constitutional question in the case, the three-judge court is therefore bereft of jurisdiction under 28 U.S.C. § 2281, and the three-judge court is hereby dissolved.

The case is remanded to Judge Joseph Sam Perry of the United States District Court for an early determination of the questions whether the district court has jurisdiction over plaintiffs' claim for "retroactive benefits" because of the deductions made from their allowances, and if so, whether and to what extent plaintiffs are entitled to the "retroactive benefits" they seek, under 42 U.S.C. § 1983.