Ignacio ACOSTA, Virginia Bowers, Bernice Robinson and Dovie Thurman, individually and on behalf of all other persons similarly situated, Plaintiffs,

v.

Harold O. SWANK, Director, Illinois Department of Public Aid, David Daniel, Director, Cook County Department of Public Aid, Defendants.

No. 69 C 2502.

United States District Court, N. D. Illinois, E. D. March 30, 1971.

Sheldon Roodman, Community Legal Counsel, Chicago, Ill., for plaintiffs.

William J. Scott, Atty. Gen. of Ill., and John Galvin, Asst. Atty. Gen., Chicago, Ill., Edward V. Hanrahan, State's Atty., Cook County, and Thomas Brannigan, Asst. State's Atty., Chicago, Ill., for defendants.

William J. Bauer, U. S. Atty., for U. S. Dept. of Health, Education and Welfare, amicus curiae.

## MEMORANDUM OPINION AND ORDER

PERRY, District Judge.

This case is before this single-judge court pursuant to an order, 318 F.Supp. 1348, entered on October 22, 1970 by a three-judge court constituted by Kiley, Circuit Judge, and Perry and Napoli, District Judges. In said order the three-judge court withdrew its opinion, 312 F. Supp. 765, heretofore entered on May 11, 1970 and found the three-judge court bereft of jurisdiction under 28 U.S.C. § 2281, in the absence of a sufficient constitutional question and, accordingly, dissolved the three-judge court. The three-judge panel remanded the case to this

single judge "for an early determination of the questions whether the district court has jurisdiction over plaintiffs' claim for 'retroactive benefits' because of the deductions made from their allowances, and if so, whether and to what extent plaintiffs are entitled to the 'retroactive benefits' they seek, under 42 U.S.C. § 1983."

Jurisdiction being a threshold question and in response to the mandate of the three-judge court, this court will consider the issue of jurisdiction first.

Plaintiffs' complaint asserts jurisdiction solely under 28 U.S.C. § 1343(3) and (4) and alleges that they have an action by virtue of 42 U.S.C. § 1983. These statutes of the United States read as follows:

42 U.S.C. § 1983.   Civil Action for Deprivation of Rights:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

28 U.S.C. § 1343.   Civil Rights and Elective Franchise:

"The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:

(1) To recover damages for injury to his person or property, or because of the deprivation of any right or privilege of a citizen of the United States, by any act done in furtherance of any conspiracy mentioned in section 1985 of Title 42;

(2) To recover damages from any person who fails to prevent or to aid in preventing any wrongs mentioned in section 1985 of Title 42 which he had knowledge were about to occur and power to prevent;

(3) To redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

(4) To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights, including the right to vote.   June 25, 1948, c. 646, 62 Stat. 932; Sept. 3, 1954, c. 1263, § 42, 68 Stat. 1241; Sept. 9, 1957, Pub.L. 85–315, Part III, § 121, 71 Stat. 637."

Thus, the case is in the general category of a civil rights action to redress a deprivation of right under color of law.

The essential facts concisely stated are: Plaintiffs are recipients of public aid (A.F.D.C.) in Illinois under the "scheme of cooperative federalism" emanating from the Federal Social Security Act.   King v. Smith, 392 U.S. 309, 316, 88 S.Ct. 2128, 20 L.Ed.2d 1118.   Plaintiffs each, heretofore and prior to May 11, 1970, had occasion to voluntarily resort to the state department for "duplicate assistance," i. e. the payment by the state of sums over and above applicable schedules due to an emergency need for food or clothing.   The plaintiffs received such emergency over-payments with full knowledge that repayment was required by department policy and secured by means of prorated deductions from future payments over a period of six months (for emergency food allowances) or a period of twelve months (for emergency clothing allowances).   The emergency payments so made to the several named plaintiffs were minimal in regard to food allowances relative to clothing allowances.   The total figures appear to be $1,227.62 for clothing as compared to $220.56 for food and it further appears that total repayment has been made.

Plaintiffs take the position that the described "duplicate assistance policy" of the Illinois Department of Public Aid

is invalid and that in consequence the benefits deducted are recoverable herein. The invalidity is based upon the alleged repugnance of the state policy to an administrative regulation of the Federal Department of Health, Education and Welfare. The regulation is set forth in 45 CFR, § 233.20(a) (3) (ii), which, in its most pertinent part, directs that "current payments of assistance will not be reduced because of prior over-payments unless the recipient has income or resources currently available in the amount by which the agency proposes to reduce payment." The court has the benefit of a brief on the subject filed by the Department of Health, Education and Welfare. That brief gives the gloss of the Federal department on the said regulation, general in its terms, ultimately concluding in support of plaintiffs' position, that "the 'duplicate assistance' policy is clearly inconsistent with * * * the requirements of H.E.W. regulation." After a protracted course of "correspondence and negotiations" by and between the state agency and H.E.W., the state agency agreed to the interpretations urged by H.E.W. and on May 23, 1970, voluntarily revoked its "duplicate assistance" policy.

Lastly, and most relevant to the present jurisdiction issue, is this concession and factual admission made in its brief by H.E.W. (filed July 7, 1970) at page 11:

> "As stated earlier, Federal regulations do not explicitly address themselves to the 'duplicate assistance' policy, although the policy is clearly covered by the rationale of 42 U.S.C. 602 (a) (7) and 45 CFR § 233.20(a) (3) (ii) (c) * * * "

In its brief filed January 21, 1971, H.E.W. endorses the principle of retroactive payments but admits that any retroactive relief for plaintiffs from the State in the present case must come from the State itself or from the court, and, further, in its brief H.E.W. states that it expresses no views as to the power of the court to grant retroactive relief and as to whether such relief is appropriate in the present case.

After due consideration of all facts and circumstances set out above and of the several briefs of the parties submitted on the issues defined by the remand order, this court holds that plaintiffs have failed to state an action under 42 U.S.C., § 1983, and that simultaneously there is no jurisdiction under 28 U.S.C. § 1343.

■ 42 U.S.C. § 1983, requires that plaintiffs not only allege a deprivation of right, privilege or immunity secured by federal law, but also that there be substance to the allegation. In the absence of an express federal regulation and during the pendency of correspondence and negotiations on the subject of the thrust of general terms of the Social Security Act and regulations pursuant thereto, this court cannot see that any right, privilege or immunity secured by Federal law accrued to these plaintiffs. To do so, would in this court's opinion give the force of law to the ex-parte reasoning of employees of the federal department to an extent that even they did not insist upon by the simple expedient of enacting their underlying rationale into an explicit determinative regulation. Nor by the same token can this court see that the action of the state agency was pretentious, i. e. under "color of law," in enforcing its former policy to the date of negotiated abandonment. This court notes that the brief of H.E.W. does not urge sanctions against the state agency in favor of the plaintiffs grounded on the deprivation of a federally secured right.

Plaintiffs urge numerous cases on the court wherein it appears that original jurisdiction in similar situations was found "ipse dixit" under 28 U.S.C. § 1343. Such cases do not dissuade this court from the view that its jurisdiction is defined only by statutes of the Congress which out of proper deference to that coordinated branch and in the true spirit of judicial restraint should be reasonably construed.

This court doubts that anyone would quarrel with the premise that original jurisdiction in civil rights and elective franchise conferred by 28 U.S.C. § 1343, is unique, special and limited and made available for the expeditious vindication of persons which are subject to deprivation on pretenses of lawful conduct by State agents.

The task assigned to district courts by Congress is the prompt vindication of fundamental rights to equality which are federally secured. When this court digresses from that vitally important task, it dissipates its energies, and confuses its purposes, by giving such breadth to this special jurisdiction as to admit any and all claims which allege deprivations of subordinate and inchoate privileges on the expectation that definition and security may be pronounced in the course of the litigation which ensues. In this court's view, district courts are substantially overburdened by such litigation pending by virtue of civil rights jurisdictional over-breadth and the burden carries directly over to the United States Supreme Court by virtue of the direct right appeal from three-judge district courts. An unavoidable effect of such burdens is that vindication of vital civil rights fails to receive full and most deliberate attention. In short, the court lays waste its judicial powers.

■ This court holds that plaintiffs' complaint herein is jurisdictionally inadequate for the following reasons:

1. It fails to state a civil action authorized by law.

2. It fails to present as subject matter a secured right, privilege or immunity.

3. There is no state action under color of law alleged in fact, as opposed to conclusion.

■ While it is not necessary to the court's determination of the jurisdictional issue, it is this court's view that the Social Security Act is not in the category of "any Act of Congress providing for equal rights of citizens or of all persons."

This court has also considered plaintiffs' contention that the policy of pendent jurisdiction as most recently given exposition in Rosado v. Wyman, 397 U.S. 397, 90 S.Ct. 1207, 25 L.Ed.2d 353, is relevant to the present jurisdictional issue. This court rejects that contention. Suffice it to say that *Rosado* is distinguishable on the ground that in that case "the sole basis for respondents' contention that pendent jurisdiction is not present in this case flows from the action of the three-judge court in remanding the case to the single district judge 'for further proceedings as are appropriate.' " (90 S.Ct. 1207 at page 1224, concurring opinion of Mr. Justice Douglas) Here, the contentions of defendants are not related to the action of the three-judge court, rather they go directly to the issue of jurisdiction on the pendent claim itself.

■ In addition to the foregoing reasons, jurisdiction is otherwise lacking. There is no diversity of citizenship and the amount in question here is not alleged to be in excess of $10,000. Plaintiffs are citizens of the State of Illinois. They cannot sue the State of Illinois for a money judgment and a suit against defendants in their official capacities for a money judgment is indirectly but in fact a suit against the State of Illinois. Furthermore, plaintiffs have a complete remedy under the law of the State of Illinois and in fact are pursuing such a remedy. The constitutional claim herein is res judicata. Since defendants have voluntarily discontinued the previous policy of duplicate assistance, the question of future deductions and injunctive relief is moot.

This court cites, as in the original Memorandum Opinion in this case, the language of the Supreme Court in Dandridge v. Williams, et al., 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491:

" * * * The Fourteenth Amendment gives the federal courts no power to impose upon the States their views of wise economic or social policy.

\*   \*   \*   \*   \*   \*

" \*   \*   \*   The Constitution does not empower this Court to second-guess state officials charged with the difficult responsibility of allocating limited public welfare funds among the myriad of potential recipients.   \*   \*   \*"

This district court having determined that it does not have jurisdiction over plaintiffs' claim for "retroactive benefits" because of deductions made from their allowances, it is ordered that this cause be and it is hereby dismissed for want of jurisdiction with prejudice and without costs. Since this ruling is dispositive, this court has no occasion to reach the merits of the subordinate issue of entitlement to "retroactive benefits."